IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | ) | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 1:19-CR-270 (LO) |
| | ) | |
| KELLEY ROGERS, | ) | |
| | ) | |
| Defendant. | ) | |

## CONSENT ORDER OF FORFEITURE

WHEREAS, on September 17, 2019, the defendant, Kelley Rogers, agreed to waive indictment and pleaded guilty to a single count criminal information charging the defendant with wire fraud, in violation of Title 18, United States Code, Section 1343, and agreed to the entry of a forfeiture money judgment that is the subject of this Order;

WHEREAS, the defendant obtained at least $208,954.00 U.S. currency from the commission of wire fraud, an amount for which the defendant will be solely liable;

AND WHEREAS, the defendant agrees to waive the provisions of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2(a), 32.2(b)(4) and 43(a) with respect to notice in the criminal information that the government will seek forfeiture as part of any sentence in this case, and that entry of this order shall be made a part of the sentence, in or out of the presence of the defendant, and included in the Judgment in this case without further order of the Court.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. The United States of America shall have a forfeiture money judgment, pursuant to Fed. R. Crim. P. 32.2 (b)(1) & (2), 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), against the defendant, Kelley Rogers, for $208,954.00 U.S. currency, an amount that represents illegal proceeds the defendant obtained from the commission of wire fraud, in violation of 18 U.S.C. § 1343, an amount for which the defendant shall be solely liable.

2. The United States of America may collect said judgment by all available means, including but not limited to the forfeiture of direct proceeds and substitute assets.

3. Pursuant to Fed. R. Crim. P. 32.2(b)(3), upon entry of this order, the United States is authorized to conduct any appropriate discovery including depositions, interrogatories, requests for production of documents and for admissions, and pursuant to Fed. R. Civil P. 45, the issuance of subpoenas.

4. The Attorney General, Secretary of Homeland Security, Secretary or the Treasury, or a designee, is hereby authorized to seize, inventory, and otherwise maintain custody and control of the property, whether held by the defendant or by a third party, and to conduct any discovery proper in identifying, locating or disposing of the property subject to forfeiture pursuant to Fed. R. Crim. P. 32.2 (b)(3) and 21 U.S.C. § 853(g).

5. In partial satisfaction of the forfeiture money judgment, the following property is forfeited to the United States of America, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), and/or 21 U.S.C. § 853(p), as property which constitutes or is derived from proceeds traceable to wire fraud, in violation of 18 U.S.C. § 1343, or as a substitute thereof:

    a. Real and personal property located at 492 County Road 4284, Simms, Texas; and

    b. 2011 Mercedes ML350 4Matic, VIN: 4JGBB8GB5BA624765.

6. The United States shall publish notice of this order and of its intent to dispose of the property in such manner as the Attorney General may direct, including publication on the Government's Internet site, www.forfeiture.gov, for 30 consecutive days, and to the extent practicable, provide direct written notice to any persons known to have alleged an interest in the property pursuant to Fed. R. Crim. P. 32.2(b)(6) and 21 U.S.C. § 853(n)(1) & (2).

7. This Order of Forfeiture is final as to the defendant, and shall be made part of the defendant's sentence and included in the Judgment in this case pursuant to Fed. R. Crim. P. 32.2(b)(4).

8. Any person, other than the defendant, asserting any legal interest in the property may, within thirty (30) days of the final publication of notice or his receipt of notice, whichever is earlier, petition the court for a hearing to adjudicate the validity of the alleged interest in the property pursuant to Fed. R. Crim. P. 32.2(c)(1) and 21 U.S.C. § 853(n)(2).

9. If no third party files a timely petition or if this Court denies and/or dismisses all third party petitions timely filed, this Order shall become the Final Order of Forfeiture, and the United States shall have clear title to the property and may warrant good title to any subsequent purchaser or transferee pursuant to Fed. R. Crim. P. 32.2(c)(2) and 21 U.S.C. § 853(n)(7).

10. If this Court grants any third party rights, a Final Order of Forfeiture that amends this Order as necessary to account for said third party rights, shall be entered pursuant to Fed. R. Crim. P. 32.2(c)(2) and 21 U.S.C. § 853(n)(6).

Date: Jan 17, 2020
Alexandria, Virginia

/s/
Liam O'Grady
United States District Judge
_____
United States District Judge Liam O'Grady

WE ASK FOR THIS:

G. Zachary Terwilliger
United States Attorney
Eastern District of Virginia

By: _____
    Kimberly R. Pedersen
    Assistant United States Attorney

    Corey R. Amundson
    Chief, Public Integrity Section

By: _____
    William J. Gullotta
    John P. Taddei
    Trial Attorneys

_____
Kelley Rogers
Defendant

_____
Danny Ororato, Esq.
Stuart Sears, Esq.
Counsel for the Defendant