IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA,   )<br>           Plaintiff,   )<br>                    )<br>   v.   )<br>                    )<br>KELLEY ROGERS,   )<br>           Defendant.   )<br>_____   ) | Case No. 1:19-CR-270 (LO) |

**REPLY IN FURTHER SUPPORT OF EMERGENCY MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(C)(1)(A)(i)**

The government concedes that Defendant Kelley Rogers recently earned 30 days of First Step Act credits to reduce his sentence because he completed a drug education program after the government belatedly returned him to FCI Cumberland in December 2021. *See* Government Response, ECF No. 49 at 4 and 13. This concession proves that the government unnecessarily prolonged Mr. Rogers' federal prison sentence when it extracted him from federal prison and relegated him to a county jail and thereby deprived him of the opportunity to complete *any* rehabilitative programming to earn First Step Act credits. This concession also corroborates the declarations previously submitted by criminologist and sentencing expert Joel Sickler who opined that Mr. Rogers would have been able to earn First Step Act credits to reduce his sentence had the government not extracted him from federal prison and unnecessarily delayed returning him to federal prison. The government's response also undermines the conclusion thar Mr. Rogers would not have been accepted into the Bureau of Prisons residential drug treatment program ("RDAP").[1]

---

[1] The government's reliance on Christina Kelley's declaration is misguided. She writes: "I have reviewed both his initial individualized risk and needs assessment made on December 22, 2021, and his re-assessment on February 24, 2022. Based on both assessments, the BOP has not recommended defendant Rogers for the 500-hour intensive Residential Drug Abuse Treatment Program (RDAP). Should defendant Rogers express an interest in participating in RDAP, he would be reviewed by staff at his institution in order to determine whether he qualifies for participation, i.e., has sufficient time remaining on his sentence to complete the full program (ordinarily at least 24 months), has a documented history of drug or alcohol use, etc. An inmate must be reviewed and approved for participation in RDAP,

1

The Bureau of Prisons ("BOP") awards 15 days of First Step Act credits per month to minimum security inmates convicted of nonviolent offenses, like Mr. Rogers, who complete rehabilitative programming. *See* Exhibit A, Bureau of Prisons First Step Act Rule Enactment. If the government had not unnecessarily delayed returning Mr. Rogers from county jail to FCI Cumberland for 16 months, he could have participated in rehabilitative program to earn 15 days of First Step Act Credit per month to reduce his sentence. In fact, the government concedes that Mr. Rogers has earned 30 days, the equivalent of two months of First Step Act time, to reduce his sentence since he returned to FCI Cumberland, which proves that he could have earned credits to reduce his sentence if the government had not unnecessarily delayed returning him to FCI Cumberland. Moreover, upon information and belief, many rehabilitative programs were inoperative during the past two years due to the health concerns associated with the ongoing COVID-19 pandemic, so the BOP routinely awarded First Step Act credits to inmates as a matter of course. Either way, had the government not unnecessarily relegated Mr. Rogers to a county jail in Indiana for a total of nineteen months, he would have earned enough First Step Act credits to complete his federal sentence by now.

Accordingly, Defendant Kelley Rogers respectfully maintains his request that this Court exercise its discretion to modify sentences in extraordinary and compelling circumstances[2] and

---

as it is not a program that an inmate can simply sign up for and attend." By Ms. Kelley's own admission, the government itself made Mr. Rogers ineligible for RDAP. Ms. Kelley states that an inmate must generally have 24 months left on his sentence to participate in RDAP. Shortly after Mr. Rogers arrived at FCI Cumberland, the government transferred him to a county jail and did not return him until December 2021. The BOP Inmate Locator reflects that Mr. Rogers is currently projected to be released in October 2022. So, the government failed to return Mr. Rogers to FCI Cumberland until he had only ten months left on his sentence, making him ineligible to participate in RDAP. This delay is solely attributable to the fact that the government failed to extinguish the applicable writ for 16 months after Mr. Rogers testified at the grand jury in Indiana.

[2] In its supplemental filing dated April 1, 2022, the government acknowledges that officials at the Clark County Jail have had to segregate Mr. Rogers because he was threatened by fellow inmates. *See* Supplemental Memo, ECF No. 51. The government further acknowledges that the alleged aggressor was found in possession of a broken toothbrush, but the government fails to address the fact that a broken toothbrush is exactly the type of instrument that can be sharpened and fashioned into a dangerous improvised weapon in the prison setting. The fact remains that Mr. Rogers was threatened, and his safety remains at risk each day that the government unnecessarily prolongs his sentence. This

modify his term of imprisonment and reduce his sentence to "time served."

Respectfully submitted,

*/s/ Stuart A. Sears*
Stuart A. Sears (VA Bar No. 71436)
Danny Onorato (*Pro Hac Vice*)
Schertler Onorato Mead & Sears, LLP
555 13th Street, NW Suite 500 West
Washington, DC 20004
(202) 628-4199
ssears@schertlerlaw.com
donorato@schertlerlaw.com

---

is precisely the type of extraordinary and compelling circumstance that this Court is empowered to address by reducing Mr. Rogers' sentence.

## CERTIFICATE OF SERVICE

I certify that on April 1, 2022, the foregoing document was served upon the Clerk of this Court using the Court's electronic case filing system ("CM/ECF"), which will send automatic electronic notice of such filing to all counsel of record in this matter.

Respectfully submitted,

*/s/ Stuart A. Sears*
Stuart A. Sears (VA Bar No. 71436)
Danny Onorato (*Pro Hac Vice*)
Schertler Onorato Mead & Sears, LLP
555 13th Street, NW Suite 500 West
Washington, DC 20004
(202) 628-4199
ssears@schertlerlaw.com
donorato@schertlerlaw.com
